UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Civil Action No.:  : -cv-
    3:21-cv-656 (LEK/ML)

-------------------------------------------------------------------------x

AVA MCDONOUGH,

                                                    Plaintiff,          **VERIFIED COMPLAINT**

                    -against-

MAGGIE CHA, EDWARD MERRICK, and                    **PLAINTIFF**
JOHN STEVENS                                        **DEMANDS**
                                                    **TRIAL BY JURY**

                                                    Defendants.

-------------------------------------------------------------------------x

Plaintiff, AVA MCDONOUGH by her attorneys, SMILEY & SMILEY, LLP, complaining of the defendants, MAGGIE CHA, EDWARD MERRICK, & JOHN STEVENS, hereinafter alleges upon information and belief at all times hereinafter relevant hereto, as follows:

## JURISDICTION

1.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, in that this is an action by and between citizens of different States.  The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars as to the plaintiff, exclusive of interests and costs.

2.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this district.

3.     Plaintiff demands a trial by jury on each of the causes of action pleaded herein.

## THE PARTIES

4.     Plaintiff, AVA MCDONOUGH is a citizen of the State of Virginia, domiciled and residing at 2110 Dogwood Lane, Charlottesville, VA 22901.

5.     Defendant, MAGGIE CHA, (hereinafter referred to as "CHA"), is a citizen of the State of Ohio, domiciled and residing at 2762 Landon Road, Shaker Heights, OH 44122.

6.      Defendant, EDWARD MERRICK, (hereinafter referred to as "MERRICK"), is a citizen of the State of New York, domiciled and residing at 600 Washburn Road, Spencer, NY 14883.

7.      Defendant, JOHN STEVENS, (hereinafter referred to as "STEVENS"), is a citizen of the State of New York, domiciled and residing at 317 North Tioga Street, Ithaca, NY 14850.

## FACTS

8.      On August 10, 2020 at approximately 3:00 P.M. plaintiff, AVA MCDONOUGH and defendant, CHA were lawfully present at 150 Nut Ridge Road, Lansing, NY 14882 (hereinafter referred to as "LAKE HOUSE").

9.      On August 10, 2020 defendant, STEVENS owned the LAKE HOUSE, which borders Lake Cayuga, a navigable lake, located in New York State.

10.     Defendant, STEVENS maintained a navigable vessel, specifically a Jet Ski (hereinafter referred to as "JET SKI") on the premises and for use at the LAKE HOUSE.

11.     On August 10, 2020, defendant, MERRICK was the registered owner of the JET SKI.

12.     On August 10, 2020, defendant, STEVENS owned the JET SKI for a period of time greater than thirty days.

13.     On August 10, 2020, defendant, STEVENS was in possession and control of the JET SKI for a period of time greater than thirty days.

14.     On August 10, 2020, defendant, CHA did not have a New York State Boating License to operate the JET SKI.

15.     On August 10, 2020, defendant, CHA did not complete a New York State Boating Safety Course to operate the JET SKI.

16.     On August 10, 2020, defendant, CHA did operate the JET SKI at the LAKE HOUSE.

17.     On August 10, 2020, defendant, CHA did operate the JET SKI at the LAKE HOUSE solely in a recreational manner and not part of a competitive regatta or boat race.

18.     On August 10, 2020, defendant, CHA operated the JET SKI with the consent, express or implied, of defendant, MERRICK.

19.     On August 10, 2020, defendant, MERRICK, entrusted the use of the JET SKI to defendant, CHA.

20.     On August 10, 2020, defendant, CHA operated the JET SKI with the consent, express or implied, of defendant, STEVENS.

21.     On August 10, 2020, defendant, STEVENS, entrusted the use of the JET SKI to defendant, CHA.

22.     On August 10, 2020, prior to operating the JET SKI, defendant, CHA consumed alcohol.

23.     On August 10, 2020, defendant, CHA operated the JET SKI, on Lake Cayuga, with plaintiff, AVA MCDONOUGH as the rear passenger on the JET SKI.

24.     On August 10, 2020, at approximately 3:00 P.M. defendant, CHA was operating the JET SKI, on Lake Cayuga, at excessive speeds while plaintiff, AVA MCDONOUGH was the rear passenger on the JET SKI.

25.     On August 10, 2020 at approximately 3:00 P.M., defendant, CHA was operating the JET SKI, on Lake Cayuga, while impaired and under the influence of alcohol, while plaintiff was a rear passenger on the JET SKI.

26.     On August 10, 2020, while on the JET SKI, despite repeated requests made by

3

plaintiff for defendant, CHA to slow down, defendant, CHA did not comply.

27.     As a result of defendant, CHA's operation of the JET SKI at excessive rates of speed; in a reckless manner; and while intoxicated and impaired, plaintiff, AVA MCDONOUGH was violently thrown off the back of the JET SKI sustaining severe, permanent, and catastrophic injuries.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT CHA

28.     Plaintiff, AVA MCDONOUGH, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "27".

29.     The defendant, CHA, was negligent in failing to operate the JET SKI with a valid New York State Boating license; in failing to complete a New York State boating safety course prior to the operation of the JET SKI; in operating the JET SKI without proper training; in operating the JET SKI in a reckless manner; in failing to heed warnings from Plaintiff to slow down; in operating the JET SKI at excessive rates of speed; in failing to operate the JET SKI at a reasonable speed; in consuming alcohol prior to operating the JET SKI; in operating the JET SKI while intoxicated and impaired; in causing and permitting an unsafe and hazardous condition; in causing and permitting the plaintiff to enter into a position of danger; in failing to provide warnings to plaintiff while operating the JET SKI; in failing to operate the JET SKI in a careful and prudent manner; and in failing to provide the plaintiff with a safe means of riding on the JET SKI.

30.     As a result of defendant, CHA's negligent operation of the JET SKI, the plaintiff, AVA MCDONOUGH was violently thrown off the back of the JET SKI sustaining severe, permanent, and catastrophic injuries.

31.     Plaintiff, AVA MCDONOUGH, in no way contributed to the foregoing, and her

injuries were due to the negligence and carelessness of the defendant, CHA.

32.     By reason of the foregoing, plaintiff, AVA MCDONOUGH claims compensatory damages in the amount of FIVE MILLION ($5,000,000) DOLLARS.

33.     Defendant, CHA acted with willful, wanton, and reckless disregard for the health, welfare and safety of plaintiff, AVA MCDONOUGH.

34.     By reason of the foregoing, plaintiff, AVA MCDONOUGH, seeks punitive or exemplary damages in the sum of FIFTEEN MILLION ($15,000,000) DOLLARS.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT CHA

35.     Plaintiff, AVA MCDONOUGH, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "34".

36.     On August 10, 2020, defendant, CHA operated the JET SKI, without being a holder of a valid New York State boating safety license, certificate, nor did she complete a boating safety course.

37.     By reason of the foregoing, defendant, CHA violated New York State Navigation Law Section 48.

38.     By reason of the foregoing, plaintiff, AVA MCDONOUGH was violently thrown off the back of the JET SKI sustaining severe, permanent, and catastrophic injuries.

39.     By reason of the foregoing, plaintiff, AVA MCDONOUGH claims compensatory damages in the amount of FIVE MILLION ($5,000,000) DOLLARS and punitive or exemplary damages in the sum of FIFTEEN MILLION ($15,000,000) DOLLARS.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT CHA

40.     Plaintiff, AVA MCDONOUGH, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "39".

41.     Defendant, CHA operated the JET SKI at a speed greater than what is reasonable and prudent.

42.     By reason of the foregoing, defendant, CHA violated New York State Navigation Law Section 45.

43.     By reason of the foregoing, plaintiff, AVA MCDONOUGH was violently thrown off the back of the JET SKI sustaining severe, permanent, and catastrophic injuries

44.     By reason of the foregoing, plaintiff, AVA MCDONOUGH claims compensatory damages in the amount of FIVE MILLION ($5,000,000) DOLLARS and punitive or exemplary damages in the sum of FIFTEEN MILLION ($15,000,000) DOLLARS.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT CHA**

45.     Plaintiff, AVA MCDONOUGH, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "44".

46.     On August 10, 2020, defendant, CHA operated the JET SKI while under the influence of alcohol.

47.     By reason of the foregoing, defendant, CHA violated New York State Navigation Law Section 49-a.

48.     By reason of the foregoing, plaintiff, AVA MCDONOUGH was violently thrown off the back of the JET SKI sustaining severe, permanent, and catastrophic injuries.

49.     By reason of the foregoing, plaintiff, AVA MCDONOUGH claims compensatory damages in the amount of FIVE MILLION ($5,000,000) DOLLARS and punitive or exemplary damages in the sum of FIFTEEN MILLION ($15,000,000) DOLLARS.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT MERRICK**

50.     Plaintiff, AVA MCDONOUGH, repeats, reiterates and realleges each and every

allegation contained in paragraphs "1" through "49".

51.     On August 10, 2020, defendant, MERRICK, was the registered owner of the JET

SKI.

52.     Pursuant to New York State Navigation Law Section 48(1), defendant,

MERRICK, is vicariously liable for the actions of defendant, CHA.

53.     By reason of the foregoing, plaintiff, AVA MCDONOUGH claims compensatory

damages in the amount of FIVE MILLION ($5,000,000) DOLLARS.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT MERRICK

54.     Plaintiff, AVA MCDONOUGH, repeats, reiterates and realleges each and every

allegation contained in paragraphs "1" through "53".

55.     The defendant, MERRICK, was negligent in failing to maintain proper possession

and custody of the JET SKI; in allowing defendant, CHA to operate the JET SKI without a valid

New York State boating license; in allowing defendant, CHA to operate the JET SKI without

completing a valid New York State boating safety course; in allowing defendant, CHA to operate

the JET SKI despite having consumed alcohol; in failing to train defendant, CHA how to legally,

properly, and safely use the JET SKI; in permitting the JET SKI to be operated in a negligent,

careless, and reckless manner; in permitting defendant CHA to operate the JET SKI at excessive

speeds; and in permitting defendant CHA to operate the JET SKI at a greater rate of speed than

care and caution would permit under the circumstances.

56.     Defendant, MERRICK negligently entrusted the use of the JET SKI to defendant,

CHA, an unfit or incompetent person.

57.     By reason of the foregoing, the plaintiff, AVA MCDONOUGH was violently

thrown off the back of the JET SKI sustaining severe, permanent, and catastrophic injuries.

58.     Plaintiff, AVA MCDONOUGH, in no way contributed to the foregoing, and her injuries were due to the negligence and carelessness of the defendant, MERRICK.

59.     By reason of the foregoing, plaintiff, AVA MCDONOUGH claims compensatory damages in the amount of FIVE MILLION ($5,000,000) DOLLARS.

60.     Defendant, MERRICK acted with willful, wanton, and reckless disregard for the health, welfare and safety of plaintiff, AVA MCDONOUGH.

61.     By reason of the foregoing, plaintiff, AVA MCDONOUGH punitive or exemplary damages in the sum of FIFTEEN MILLION ($15,000,000) DOLLARS.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANT STEVENS

62.     Plaintiff, AVA MCDONOUGH, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "61".

63.     Defendant, STEVENS, maintained custody of the JET SKI and had the exclusive use and control thereof for a period of time greater than thirty days at the LAKE HOUSE prior to August 10, 2020.

64.     Defendant, STEVENS, became a statutory and/or *de facto* owner of the JET SKI pursuant to New York State Navigation Law Section 48(4).

65.     By reason of the foregoing, defendant, STEVENS became vicariously liable for the actions of defendant, CHA.

66.     By reason of the foregoing, plaintiff, AVA MCDONOUGH claims compensatory damages in the amount of FIVE MILLION ($5,000,000) DOLLARS.

## AS AND FOR A EIGHTH CAUSE OF ACTION AGAINST DEFENDANT STEVENS

67.     Plaintiff, AVA MCDONOUGH, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "66".

68.     The defendant, STEVENS, was negligent in failing to maintain proper possession and custody of the JET SKI; in allowing defendant, CHA to operate the JET SKI without a valid New York State boating license; in allowing defendant, CHA to operate the JET SKI without passing a valid New York State boating safety course; in allowing defendant, CHA to operate the JET SKI despite having consumed alcohol; in failing to train defendant, CHA how to legally, properly, and safely use the JET SKI; in permitting the JET SKI to be operated in a negligent, careless, and reckless manner; in permitting defendant CHA to operate the JET SKI at excessive speeds; and in permitting defendant CHA to operate the JET SKI at a greater rate of speed than care and caution would permit under the circumstances.

69.     Defendant, STEVENS negligently entrusted the use of the JET SKI to defendant, CHA, an unfit or incompetent person.

70.     By reason of the foregoing, the plaintiff, AVA MCDONOUGH was violently thrown off the back of the JET SKI sustaining severe, permanent, and catastrophic injuries.

71.     Plaintiff, AVA MCDONOUGH, in no way contributed to the foregoing, and her injuries were due to the negligence and carelessness of the defendant, STEVENS.

72.     By reason of the foregoing, plaintiff, AVA MCDONOUGH claims compensatory damages in the amount of FIVE MILLION ($5,000,000) DOLLARS.

73.     Defendant, STEVENS acted with willful, wanton, and reckless disregard for the health, welfare and safety of plaintiff, AVA MCDONOUGH.

74.     By reason of the foregoing, plaintiff, AVA MCDONOUGH claims punitive or exemplary damages in the sum of FIFTEEN MILLION ($15,000,000) DOLLARS.

WHEREFORE, plaintiff, AVA MCDONOUGH, demands judgment as follows: Against defendant, MAGGIE CHA, on the First, Second, Third, and Fourth Causes of Action in the sum

of FIVE MILLION ($5,000,000.00) DOLLARS each for compensatory damages and FIFTEEN MILLION ($15,000,000) DOLLARS each for punitive damages; Against defendant, EDWARD MERRICK, on the Fifth and Sixth Causes of Action in the sum of FIVE MILLION ($5,000,000.00) DOLLARS each for compensatory damages and FIFTEEN MILLION ($15,000,000) DOLLARS punitive damages; and Against defendant, STEVENS, on the Seventh and Eighth Causes of Action in the sum of FIVE MILLION ($5,000,000.00) DOLLARS each for compensatory damages and FIFTEEN MILLION ($15,000,000) DOLLARS punitive damages, together with the costs and disbursements of this action.

Dated: New York, New York
      June 3, 2021

                Yours, etc.,

                SMILEY & SMILEY, LLP
                Attorneys for Plaintiffs

                By:_____
                    ANDREW J. SMILEY
                122 East 42nd Street, Suite 3900
                New York, New York 10168
                (212) 986-2022

## <u>INDIVIDUAL VERIFICATION</u>

STATE OF *Virginia* )
                      ) SS:
COUNTY OF *Albemarle* )

      **AVA MCDONOUGH** being duly sworn say that I am the plaintiff in the action herein, I

have read the annexed **COMPLAINT** and know the contents thereof; that the same is true of my

own knowledge, except matters alleged upon information and belief, and that as to those matters,

I believe them to be true.

Dated: New York, New York

                                                **AVA MCDONOUGH**

Sworn to before me this
3rd day of June , 2021

NOTARY PUBLIC

